**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| THURMAN DEE PAYNE,<br><br>            Plaintiff,<br><br>vs.<br><br>WAYNE ELIE, et al.,<br><br>            Defendants. | No. CIV 11-486-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion to Disqualify United States Attorney's Office from Representing Defendants in Their Individual Capacity (Doc. 25), Plaintiff's Motion for Leave to File Amended Complaint (Doc. 26), and Plaintiff's Motion for Temporary Restraining Order (Doc. 31).

*Procedural History*

On August 9, 2011, Plaintiff Thurman Dee Payne filed a civil rights Complaint alleging claims against Defendants Wayne Elie and Diane Lynn Elie. On September 30, 2011, this Court screened the Complaint, dismissed Count Three of the Complaint, and ordered the Complaint be served upon Defendants.

On December 16, 2011, this Court granted Payne's request to file an Amended Complaint and directed the Clerk of the Court to docket the lodged Complaint. Also on that

1  date, Defendants requested additional time to file an Answer.  The Court granted the request
2  and ordered Defendants had up to and through January 16, 2012, to file their Answer or
3  otherwise respond to the First Amended Complaint ("FAC").
4        On January 17, 2012, Defendants filed a Motion for Extension of Time to File Answer
5  or Other Motion in Response to Plaintiff's First Amended Complaint (Doc. 22).  Payne has
6  filed a Motion Agreeing to Release Medical Records to Defendants (Doc. 24).  On February
7  17, 2012, this Court ordered Defendants to file an Answer or otherwise respond to the
8  appropriate Amended Complaint within 20 days of the Court's ruling on the Motion for
9  Leave to File Amended Complaint.
10        On January 25, 2012, Payne filed a Motion to Disqualify United States Attorney's
11  Office from Representing Defendants in Their Individual Capacity (Doc. 25).  Defendants
12  filed a Response on February 17, 2012.
13        On February 1, 2012, Payne filed a Motion for Leave to File Amended Complaint
14  (Doc. 26).  On February 17, 2012, Defendants filed a Response.
15        On February 21, 2012, Payne filed a Motion for Temporary Restraining Order (Doc.
16  31).
17
18  *Motion to Disqualify United States Attorney's Office from Representing Defendants in their Individual Capacity*
19
20        28 U.S.C. § 517 governs representation of federal employees by the Department of
21  Justice ("DOJ") and 28 C.F.R. § 50.15 provides guidance to the DOJ as to whether
22  representation may be provided to an employee.  Payne argues that a review of the criteria
23  considered under 28 C.F.R. § 50.15 for representation by the DOJ does not support
24  representation of Defendants. Payne asserts that the Defendants' conduct does not reasonably
25  appear to have been performed within the scope of their employment, information that
26  supported a recommendation was misleading and frivolous, and the United States does not
27  have an interest in this matter.
28

- 2 -

However, "the statute gives no guidance to the Courts regarding what is or is not in the interests of the United States. Thus, the statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Turner v. Schultz*, 187 F.Supp. 2d 1288, 1294 (D.Colo 2002), *quoting Lincoln v. Vigil*, 508 U.S. 182, 191 (1993). The DOJ has unreviewable authority to decide whether to represent a federal employee. *Falkowski v. Equal Employment Opportunity Comm'n*, 764 F.2d 907 (D.C. Cir. 1985), *reh'g denied*, 783 F.2d 252 (D.C.Cir.), *certt. denied*, 478 U.S. 1014, 106 S.Ct. 3319, 92 L.Ed.2d 727 (1986). Indeed, Payne's "subjective belief as to whether Defendants' conduct was within the scope of their employment is irrelevant because the language of the regulation makes clear it is for the Government to determine whether federal employees should receive representation." *Rodriguez v. Shulman*, — F.Supp.2d —, 2012 WL 507014 (D.D.C. 2012).

Furthermore, Payne's reliance on *Turner* for the assertion that Bureau of Prisons guards were not entitled to have costs of a defense paid by the Attorney General fails to acknowledge the context of that decision. In *Turner*, the United States had determined that it would not provide or pay for a defense. The district court determined that the decision was a non-reviewable agency decision. Based on the analysis in *Turner*, had the United States decided to provide a defense, that decision would similarly have been unreviewable.

The Court finds the DOJ's decision to provide representation to Defendants is an unreviewable agency decision. The Court will deny the Motion to Disqualify United States Attorney's Office from Representing Defendants in their Individual Capacity.

*Motion for Leave to File Amended Complaint*

Payne seeks leave to amend his complaint and has lodged a proposed Second Amended Complaint ("SAC"). *See* Doc. 27. The SAC seeks to add P.A. Giorno ("Giorno") as a defendant and alleges a First Amendment claim. Payne alleges that Giorno intentionally falsified Payne's medical records which resulted in a denial of Payne's administrative remedy.

- 3 -

A "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether Alexander has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

In this case, Payne's proposed Second Amended Complaint ("SAC") includes some of the claims originally raised by Payne. However, Payne includes an additional defendant and an additional claim based on conduct that Payne asserts that he discovered on January 27, 2012. Payne filed his Motion for Leave to File Amended Complaint on February 7, 2012. Defendants assert that the only possible new fact discovered by Payne on January 27, 2012, is that information previously known to Payne was included in a report authored by Giorno. However, as the basis of Payne's SAC is that Giorno falsified the report, the Court does not agree with Defendants that this fact is not material. Payne having moved quickly to amend his complaint after learning the new information, the Court does not find that Payne has acted in bad faith.

The Court further finds that allowing the SAC would not cause undue delay. The discovery process has not yet begun in this case (indeed, the Court has not yet issued a Scheduling Order). Although counsel for Defendants asserts that obtaining permission to represent Giorno would take time, the Court does not find that this would be a significant delay. Further, the Court does not find this an appropriate basis to deny the Motion for Leave to Amend Complaint.

Additionally, the Court considers that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading § 724, *citations omitted*. The Court finds the proposed amendment as set forth in the SAC

involves conduct related to the conduct stated in the FAC. The Court finds Defendants will not be prejudiced by the proposed SAC.

As to whether the amendments are futile, Defendants argue that the amendment would be futile because Payne did not exhaust his administrative remedies. Generally, prisoners are required to exhaust administrative remedies before bringing suit:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases subject to §1997e is mandatory. *Porter v. Nussle*, 534 U.S. 516, 5244, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Moreover, futility or other exceptions to the exhaustion requirement do not apply. *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

The Ninth Circuit Court of Appeals has determined that the claims must be exhausted before filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (permitting exhaustion *pendente lite* will inevitably undermine them). Additionally, this Court "may look beyond the pleadings and decide disputed issues of fact" when considering a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act. *Wyatt v. Terhune* 315 F.3d at 1120. Payne has not alleged that he exhausted his administrative remedies as to the additional claim prior to seeking leave to amend his complaint.[1] The Court finds permitting Payne to file a SAC to include a non-exhausted claim would be futile. The Court will deny the Motion for Leave to File Amended Complaint.

---

[1] The Court notes that the deadline for Payne to file a Reply was February 27, 2012. Fed.R.Civ.P. 5(b)(2)(C), 6(a)(1), 6(d); LRCiv 7.2(d). As of this date, a Reply has not been filed. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) (under the prison mailbox rule, petition is considered filed on the date a *pro se* petitioner delivers it to prison authorities for mailing.).

- 5 -

*Motion for Temporary Restraining Order*[2]

Payne seeks injunctive relief to restrain Defendant Wayne Elie from "(1) Interfering with Plaintiffs filing of his Administrative remedies; (2) Encouraging co-workers to harrass (sic) Plaintiff; (3) Opening the contents of Plaintiff's **legal Mail** outside of Plaintiff's presence; and, (4) Threatening and Intimidating actions." Motion, p. 1, *emphasis in original*.

"No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ.P. 65(a)(1). Further, a temporary restraining order without notice may be granted only if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b). "Even if the [temporary restraining order] application is otherwise meritorious, it may be denied simply on the ground that adequate efforts were not made to notify the opposing side, or that there is no justifiable reason for issuing the [temporary restraining order] without notice." Schwarzer, Federal Civil Procedure Before Trial, § 13.99, citing *Ziegman Prod. v. City of Milwaukee*, 496 F.Supp. 965, 967 (E.D.Wisc. 1980). Payne has not certified in writing his efforts, if any, to give notice to Defendants or reasons why such notice should not be required.

---

[2]To obtain injunctive relief, a moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Am. Trucking Assoc., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). In addition, the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*. *Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1134-35 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *Id.*, *citing Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc). That approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. Payne has not requested injunctive relief that demonstrates serious questions that go to the merits of the claims set forth in the FAC.

- 6 -

Moreover, an injunction should not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *see also Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989) (injunction is "designed to accord or protect some or all of the substantive relief sought by a complaint"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (party moving for preliminary injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); . Payne's FAC raises Eighth Amendment claims regarding medical care. The injunctive relief requested by Payne is not of the same character as the Eighth Amendment claims. The Court will deny the request for a temporary restraining order.

Accordingly, IT IS ORDERED:

1. The Motion to Disqualify United States Attorney's Office from Representing Defendants in Their Individual Capacity (Doc. 25) is DENIED.

2. The Plaintiff's Motion for Leave to File Amended Complaint (Doc. 26) is DENIED.

3. Plaintiff's Motion for Temporary Restraining Order (Doc. 31) is DENIED.

4. Defendants shall file an Answer or otherwise respond to the First Amended Complaint within 20 days of the date of this Order.

DATED this 6th day of March, 2012.

Cindy K. Jorgenson
United States District Judge